**In the Matter of John I. RIVERS, Debtor.**

**Bankruptcy No. A86–09082–WHD.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Aug. 24, 1988.

Nolan B. Harmon, Harmon, Smith & Bridges, Atlanta, Ga., for debtor.

Terrence McQuade, Glass, McCullough, Sherrill & Harrold, Atlanta, Ga., for Equitable Life Assur. Soc. of the U.S.

### ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This case came before the Court on May 11, 1988 for a hearing on the above-referenced debtor's motion to have certain payments which he has made to the Equitable Life Assurance Society of the United States ("the Equitable") refunded to him.

The payments in question have been made by the debtor pursuant to an order entered on April 21, 1987 which required the debtor to pay the Equitable current post-petition interest in order to adequately protect the Equitable's interest in its collateral. Such post-petition interest payments had not been required as a matter of law in this district to be made to a secured credi-

tor. However, this Court had previously held that such payments may be ordered in the discretion of the bankruptcy judge. *See In re Peach State Distributing Co.*, 58 B.R. 873 (Bankr.N.D.Ga.1986) (adopting the approach taken by *In re Briggs Transp. Co.*, 780 F.2d 1339 (8th Cir.1985)). The debtor did not appeal the adequate protection order entered in the case at bar.

The debtor asserts that the payments should now be refunded to him in light of the Supreme Court's recent decision in *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, —— U.S. ——, 108 S.Ct. 626, 98 L.Ed. 2d 740 (1988), which held that an undersecured creditor is not entitled to interest on its collateral during the pendency of the automatic stay to assure adequate protection.

Whether a Supreme Court decision should be given retroactive effect depends on the factors enunciated in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). It appears that there are presently only two published decisions which address the question of retroactivity with regard to the *Timbers* case.

In *In re Cimarron Investors*, 848 F.2d 974 (9th Cir.1988), the debtor had appealed an order which required monthly payments of interest to a creditor, and the appeal was pending before the Circuit Court when the *Timbers* decision was rendered. The Ninth Circuit held that the Supreme Court decision should be applied "retroactively" in such a case under the *Huson* criteria.

It appears that the analysis should be different when a party files no appeal of an Order which turns out not to be in accordance with a subsequently decided Supreme Court opinion. In such a case, other parties may have relied upon the failure to appeal so that it may be unfair to apply retroactively the Supreme Court decision in light of the third *Huson* factor: whether retroactive application could produce "substantial inequitable results" in individual

cases. *Huson*, 404 U.S. at 107, 92 S.Ct. at 355.

This was the situation in *In re Sherwood Square Associates*, 87 B.R. 388, 17 B.C.D. 1003 (Bankr.D.Md.1988), in which the debtor unilaterally ceased making adequate protection payments on the basis of the *Timbers* case. The *Sherwood Square* court held that the *Timbers* decision should not apply retroactively.[1]

Similarly, in the case at bar, the Court finds that the *Huson* factors dictate that the *Timbers* decision not be applied retroactively. First, the *Timbers* decision overruled past precedent on which the litigants may have relied. *See Huson*, 404 U.S. at 106, 92 S.Ct. at 355. Also, inequity could result from retroactive application, because the creditor relied upon the adequate protection payments in framing its strategy for several months prior to the *Timbers* decision and the debtor relied on the payments to defend against the creditor's request for relief from the automatic stay.

Accordingly, it is ORDERED that the debtor's motion to have payments refunded to him is DENIED.

IT IS SO ORDERED.

---

1. The *Sherwood Square* case also held that the adequate protection payments made by the debtor could be applied toward the amount which the creditor was to receive under the Chapter 11 plan. That question is not currently before this Court.