**In re DELTA RESOURCES, INC., Debtor.**

**ORIX CREDIT ALLIANCE, INC., Appellee,**

**v.**

**DELTA RESOURCES, INC., Appellant.**

**No. 93–6919.**

United States Court of Appeals, Eleventh Circuit.

June 14, 1995.

Melinda Murphy Dionne, Schoel, Ogle, Benton & Centeno, Jerry W. Schoel, Birmingham, AL, for appellant.

Michael L. Hall, Gary W. Farris, Robert B. Rubin, William Hereford, Burr & Forman, Birmingham, AL, for appellee.

Before EDMONDSON and CARNES, Circuit Judges, and MOYE *, Senior District Judge.

PER CURIAM:

Delta Resources, Inc., ("Delta") appeals the district court's order requiring payment of postpetition interest as part of the adequate protection it was required to pay as debtor-in-possession to appellee, Orix Credit Alliance Inc. ("Orix"). We reverse.

## I. FACTS AND PROCEDURAL BACKGROUND

On November 30, 1992, appellant Delta filed a voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 et seq., in the United States Bankruptcy Court for the Northern District of Alabama. On December 29, 1992, appellee Orix, claiming to be an oversecured creditor, moved for relief from the automatic stay, pursuant to 11 U.S.C. § 362, on the ground that, *inter alia*, its perfected security interest in the purchase money equipment was not adequately protected.

At the final hearing before the bankruptcy court the parties agreed that the then-value of the collateral, approximately 13 pieces of heavy equipment, was $643,500. The bankruptcy court concluded that the collateral was slightly depreciating but did not find whether Orix in fact was an oversecured creditor.[1] Instead, the court merely assumed, as Orix had asserted, that Orix was an oversecured creditor.

The bankruptcy court determined that the equipment at issue was necessary to the effective reorganization of the debtor and thus, under 11 U.S.C. § 362(d)(2), Orix could not receive relief from the automatic stay.[2] However, the bankruptcy court did not determine whether the creditor was entitled to postpetition interest reasoning that that issue should be dealt with at the time of confirmation of the debtor's Chapter 11 plan.

The bankruptcy court also determined that Orix's secured interest in its collateral would be adequately protected by periodic cash payments in accordance with 11 U.S.C. § 361(1).[3] The bankruptcy court granted Orix adequate protection in the amount of $9,972.41 per month to cover accruing depreciation of the equipment, but rejected Orix's contention that as an oversecured creditor it was entitled to receive postpetition interest as part of adequate protection. Accordingly, the bankruptcy court denied Orix's motion for relief from stay.

* Honorable Charles A. Moye, Jr., Senior U.S. District Judge for the Northern District of Georgia, sitting by designation.

1. An oversecured creditor is a secured creditor whose collateral is worth more than the amount of the debt to it. *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.),* 793 F.2d 1380, 1387 (5th Cir.1986), *on reh'g,* 808 F.2d 363 (1987) (en banc court reinstates panel opinion), *aff'd,* 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988).

2. "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

 (1) for cause, including the lack of adequate protection of *an interest in property* of such party in interest; or

 (2) with respect to a stay of an act against property under subsection (a) of this section, if—

  (A) the debtor does not have an equity in such property; *and*

  (B) such property is not necessary to an effective reorganization."

 11 U.S.C. §§ 362(d)(1) and (2)(A) and (B) (emphasis added).

3. "When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—

 (1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a *decrease in the value of* such entity's *interest in such property.*"

 11 U.S.C. § 361(1) (emphasis added).

On April 26, 1993, Orix filed a notice of appeal to the district court from the bankruptcy court's order denying relief from the automatic stay. Orix also filed a motion for leave to appeal.

After Delta failed to pay the first required adequate protection payment, Orix filed a motion to compel payment which the bankruptcy court denied on April 19, 1993. Orix then filed a notice of appeal to the district court from the bankruptcy court's denial of its motion to compel payment. Once again, Orix filed a motion for leave to appeal. Thereafter, Delta filed a motion to stay the briefing schedule and objected to the appeals as premature and thus not properly before the district court.

By order of June 22, 1993, the district court consolidated those appeals. The district court determined that the appeals from the bankruptcy court's orders were as of right. Alternatively, however, the court stated that it would exercise its discretion to hear the appeals and granted the motions for leave to appeal.

On October 19, 1993, the district court entered a "final order" reversing the bankruptcy court. Extending the holding of *United Sav. Ass'n v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988), the district court determined that an oversecured creditor is entitled to postpetition interest as part of adequate protection. The district court found that Delta should retroactively pay to Orix monthly adequate protection payments consisting of $9,972.41 for the monthly depreciation of its collateral, as well as an additional amount of $8,292.90 in postpetition interest to maintain its equity cushion. The district court remanded the case to the bankruptcy court directing that Delta pay that amount to Orix retroactive to March 17, 1993, the date of the bankruptcy court's order from the bench denying relief from stay but ordering adequate protection. Delta filed a notice of appeal challenging the district court's reversal of the bankruptcy court's orders. There is no certification under 28 U.S.C. § 1292(b).

Thereafter, the equipment, which was the subject of the motion for relief from stay, was sold and Orix was paid the proceeds of the sale. On January 3, 1994, with the approval of the bankruptcy court, the parties entered into a consent order on remand concerning the district court's order for adequate protection. The equipment at issue having "been sold and the proceeds of the equipment and the interplead adequate protection payments covering depreciation only," Supp.Rec. doc. 19, having been paid to Orix, the issue on appeal was limited to whether the postpetition interest payments ordered by the district court "are due to be paid now because it [Orix] is an unsecured creditor." *Id.* The parties also agreed that Orix would temporarily postpone its collection efforts for the adequate protection payments for postpetition interest and that, at that time, the bankruptcy court need not enforce the mandate of the district court.

On February 18, 1994, the district court granted in part and denied in part Delta's motion to supplement the record. The district court granted Delta's motion to include: 1) the January 3, 1994, consent order on remand entered by Bankruptcy Judge George S. Wright; 2) Orix's November 18, 1993, opposition to motion to stay pending appeal; and 3) Orix's November 2, 1993, motion to enforce appellate order. The district court denied Delta's motion to supplement the record as to: 1) the December 21, 1993, order and memorandum of decision by Bankruptcy Judge Wright applying the "transformation rule" to the competing interests of AmSouth Bank, N.A. and Orix, and 2) Orix's January 3, 1994, motion to reconsider transformation rule decision because these documents post-dated the district court's order on appeal and had not been before the district court during the course of the appeal.

Nonetheless, this Court may take judicial "notice of another court's order ... for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation and related filings." *United States v. Jones*, 29 F.3d 1549, 1553–54 (11th Cir.1994). Here, the bankruptcy court entered an order on December 21, 1993, in the adversary proceeding between creditors AmSouth Bank, N.A. and Orix deciding which creditor had the first priority liens on the heavy equipment at is-

sue, and about which Orix claims to be oversecured. *See AmSouth Bank, N.A. v. Orix Credit Alliance, Inc. (In re Delta Resources),* 162 B.R. 562 (Bankr.N.D.Ala.1993).

Although we may not take judicial notice of a finding of fact by the bankruptcy court, *United States v. Jones,* 29 F.3d at 1553, we may note that that the bankruptcy court determined as matter of law that the "transformation rule" is yet the law of the Eleventh Circuit and that under the undisputed facts of this case "AmSouth's security interest in all the debtor's accounts receivables and its equipment is superior to that of ORIX Credit Alliance—including the equipment ORIX originally financed for the debtor, and which was the subject of previous contested matters in this court." *In re Delta Resources,* 162 B.R. at 572. Whether the bankruptcy judge's ruling on the motions for summary judgment in this adversary proceeding may yet reach this Court is uncertain.

## II. ANALYSIS

### A. Appellate Jurisdiction in Bankruptcy

The first issue presented for decision is whether we may take jurisdiction of this appeal. In the case *sub judice,* the district court accepted Orix's appeal of right as well as in its discretion granting Orix leave to appeal the bankruptcy court's order denying Orix's motion for relief from the automatic stay and awarding Orix only a portion of the adequate protection it sought. At that time, the bankruptcy court had made no finding whether the creditor was entitled to postpetition interest, ostensibly because the issue of postpetition interest might be dealt with in confirmation of the debtor's Chapter 11 plan. And, since the adversary proceeding between AmSouth Bank, N.A. and Orix was pending, it was not then possible to determine precisely what collateral Orix held and, thus, a formal valuation of Orix's secured interest was not possible.

Whether the bankruptcy court's order was a final order, *vel non,* we need say no more than the district court properly exercised jurisdiction. For, even assuming that the bankruptcy court order was not a final order, the district court did not abuse its discretion in exercising interlocutory jurisdiction over the bankruptcy court order.

Had we concluded that the bankruptcy court order at issue was an interlocutory order, the critical question nevertheless would be whether the district court issued a final order which could be appealed to the court of appeals under 28 U.S.C. § 158(d). To begin, in order for a court of appeals to have jurisdiction over a bankruptcy appeal from the district court, the order being appealed from the district court must have been a final order itself, or alternatively, some exception to the finality rule must be applicable. *Martin Bros. Toolmakers, Inc. v. Industrial Dev. Bd. (In re Martin Bros. Toolmakers, Inc.),* 796 F.2d 1435, 1437 (11th Cir.1986). *See Growth Realty Cos. v. Regency Woods Apartments (In re Regency Woods Apartments, Ltd.),* 686 F.2d 899 (11th Cir. 1982). *Cf.* 1 *Collier on Bankruptcy,* ¶ 3.03 at 3–194 (Lawrence P. King ed., 15th ed. 1994) ("[i]f the district court has granted leave to appeal an interlocutory order, its decision cannot be final for section 158(d) purposes, and no appeal to the court of appeals will lie").

Here, the district court's order did not disturb the bankruptcy court's decision not to lift the automatic stay. Instead, relying on *Timbers,* 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740, the district court held that as a matter of law an oversecured creditor is entitled to postpetition interest as part of adequate protection. The district court then determined the amount of adequate protection which Delta was required to pay as postpetition interest.

In this Circuit, "*district court orders affirming or reversing the bankruptcy judge's* grant or denial of relief from an automatic stay consistently have been held by the courts to be *a final decision* reviewable on appeal." *Barclays–American/Business Credit, Inc. v. Radio WBHP, Inc. (In re Dixie Broadcasting, Inc.),* 871 F.2d 1023, 1026 (11th Cir.) (citations omitted) (emphasis added), *cert. denied,* 493 U.S. 853, 110 S.Ct. 154, 107 L.Ed.2d 112 (1989). Furthermore,

> a district court ruling which includes a remand may be a 'final decision' if all that remains to be done is the performance of a ministerial duty. *Gulf Refining Co. v. United States,* 269 U.S. 125, 136, 46 S.Ct. 52, 53, 70 L.Ed. 195 (1925) (rendering judgment for the exact sums set forth in stipulations was a ministerial duty)....

*Miscott Corp. v. Zaremba Walden Co. (In re Miscott),* 848 F.2d 1190, 1192 (11th Cir.1988) (other citations omitted). In this case, the district court reversed the decision of the bankruptcy court and determined that Orix was entitled to adequate protection payments which should include monthly postpetition interest, in addition to the monthly depreciation previously determined by the bankruptcy court. The district court also determined the amount of postpetition interest, thus, increasing the amount of adequate protection payments Delta must make to Orix.

The district court did not require the bankruptcy court to determine anything, factual or legal, in its remand. The bankruptcy court need not have determined the amount of adequate protection payments or exercise any discretion in complying with the district court's order. And although the district court did not pass title to any property, the district court did direct the delivery of property, here, money. Further, although the district court did not reverse the bankruptcy court's decision to *maintain* the automatic stay, it directed the bankruptcy court to make direct payments of sums certain by Delta to Orix. Such a remand does not require "significant judicial activity," *In re Regency Woods Apartments, Ltd.,* 686 F.2d at 901, which could change the character of this otherwise final order of the district court to an interlocutory order. Thus, we take jurisdiction over this two-level bankruptcy appeal under 28 U.S.C. § 158(d) on a very narrow legal question.[4]

B. Standard of Review

> "As the second court of review of a bankruptcy court's judgment, this court examines independently the bankruptcy court's factual and legal determinations...." *In re Club Assoc.,* 951 F.2d 1223, 1228 (11th Cir.1992) (footnote and internal quote marks omitted). "Factual findings by the bankruptcy court are reviewed under the limited and deferential clearly erroneous standard." *Id.* "In contrast, legal conclusions by the bankruptcy court and the district court are reviewed by this court *de novo.*" *Id.*

*Allen v. Green (In re Green),* 31 F.3d 1098, 1099 (11th Cir.1994).

C. Adequate Protection

The question before us is not whether an oversecured creditor whose collateral is worth more than the amount of its debt in a Chapter 11 bankruptcy case may obtain postpetition interest as part of its claim. Indeed, it seems beyond peradventure that a creditor's right to recover postpetition interest on its oversecured claim pursuant to 11 U.S.C. § 506(b)[5] is virtually "unqualified." *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290, 298 (1989). *Equitable Life Assurance Soc'y v. Sublett (In re Sublett),* 895 F.2d 1381 (11th Cir.1990). *Cf. Rake v. Wade,* — U.S. —, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993) (oversecured claimant entitled to preconfirmation and postconfirmation interest on arrearages in Chapter 13 cases). Rather, the narrow legal issue presented for decision is whether Orix, purportedly an oversecured creditor, was entitled to receive periodic cash payments for accruing postpetition interest as part of adequate protection, pursuant to 11 U.S.C. § 362(d)(1), in order to preserve the value of its equity cushion. Appellant

4. Since there was no § 1292(b) certification we cannot apply the Supreme Court's ruling in *Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992).

5. "To the extent that an allowed secured claim is *secured by property the value of which, after any recovery* under subsection (c) of this section, *is greater than the amount of such claim,* there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

(c) The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim."
11 U.S.C. §§ 506(b) (emphasis added) and (c).

Delta does not dispute that an oversecured creditor is entitled to postpetition interest on its claim, although, Delta does dispute whether Orix was, in fact, an oversecured creditor.

Here, the bankruptcy court did not make a factual finding as to Orix's status, but simply *assumed* that Orix was an oversecured creditor for purposes of determining the amount of adequate protection necessary to protect the creditor's interest.[6] The district court, relying upon the Supreme Court's opinion in *Timbers,* reversed the bankruptcy court reasoning that

> [a]s an oversecured creditor, Credit Alliance is entitled to post-petition interest under 11 U.S.C. § 506(b). This section states that "to the extent that an allowed secured claim is secured by property the value of which ... is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which the claim arose." As this interest accrues, it also becomes secured by the security interest held by the creditor in the property. Thus, the security cushion represented by the value of the property above the creditor's security interest in the property is depleted daily as the interest accrues. As used in the applicable bankruptcy provisions, the value of the creditor's interest means the value of the collateral. *The security or collateral cushion is an inherent part of the value of the collateral. Accordingly, the oversecured creditor has a valid property interest in this security cushion and has a right to adequate protection of this interest. United Savings Association v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988).

(Emphasis added). And, not surprisingly, on appeal both parties rely on the Supreme Court's opinion in *Timbers* as support for their position.

The Supreme Court has determined that "[t]he phrase 'value of such creditor's interest' in § 506(a) means 'the value of the collateral.' .... We think the phrase 'value of such entity's interest' in § 361(1) and (2), when applied to secured creditors, means the same." *Timbers,* 484 U.S. at 372, 108 S.Ct. at 631, 98 L.Ed.2d at 749. The enquiry before us turns on whether the "interest in property" to be protected by 11 U.S.C. § 362(d)(1) entitles an oversecured creditor to receive periodic postpetition interest payments to ensure against the diminution in value of its equity cushion as a part of adequate protection or whether it is designed only to protect against diminution in the value of the collateral, i.e.—depreciation.

Appellee Orix asserts that as interest accrues on its claim the interest by the terms of its contract also becomes secured by its security interest in Delta's assets. Therefore, Orix contends, an oversecured creditor's position erodes by the accrual of postpetition interest and ultimately the adequate protection becomes inadequate. That is, unless the interest is paid, Orix's debt becomes less and less oversecured and eventually becomes undersecured. While Orix is correct that the size of the equity cushion decreases as postpetition interest accrues, the increase in the size of its secured claim resulting from the accrual of that interest is entitled to adequate protection only to the extent that the value of the collateral at the time of filing exceeded the value of Orix's original secured claim.

To begin, "[u]pon the filing of a bankruptcy petition, § 362 of the Code imposes an automatic stay on actions by creditors to collect their claims from a debtor." *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.),* 793 F.2d 1380, 1387 (5th Cir.1986), *on reh'g,* 808 F.2d 363 (1987) (en banc court reinstates panel opinion), *aff'd,* 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). Yet a creditor is not without recourse to protect its interests. "Under § 362(d), a creditor may obtain relief from the [automatic] stay (1) 'for cause, including the lack of adequate protection' of

6. These similar rulings of the bankruptcy and district courts apparently have had the effect of maintaining the funds involved in a sort of suspended, quasi-escrow manner.

the creditor's interest in the collateral." *Timbers,* 793 F.2d at 1387–88.[7]

Ordinarily, creditors are not allowed a claim for interest accruing on their debts during bankruptcy proceedings. *Timbers,* 793 F.2d at 1385. Yet, *as an exception* to that rule, an oversecured creditor, but not an undersecured creditor having the same risk (indeed, it is possible for the undersecured creditor's risks to be much larger quantitatively), is entitled to receive postpetition interest as part of its claim at the time of confirmation of a plan or reorganization, that is, at or near the conclusion of the bankruptcy case. 11 U.S.C. § 506(b). Judge Randall of the Fifth Circuit explained the rationale for this exception.

> [T]he interest provisions of the Code and its predecessors, as interpreted by the Supreme Court for almost a century, are premised on the equitable principle that the unencumbered assets of a debtor's estate will not be used to benefit one class of creditors at the expense of another. .... [Thus,] [a]llowing a claim for postpetition interest by an oversecured creditor, ... is not inconsistent with that equitable principle, *because only assets encumbered by the creditor's lien will be used to fund the payment of postpetition accrued interest.*

*Timbers,* 793 F.2d at 1387 (emphasis added).

Nevertheless, the Supreme Court has indicated that an oversecured creditor's allowed secured claim for postpetition interest, which is determined near the conclusion of the bankruptcy case, must be denied to the extent that, together with the principal amount of the claim, it exceeds the value of the collateral. Or put another way, the oversecured creditor's allowed secured claim for postpetition interest is limited to the amount that a creditor was oversecured at the time of filing.

> Even more important for our purposes than § 506's use of terminology is its substantive effect of denying undersecured creditors postpetition interest on their claims—just as it denies *over*secured creditors postpetition interest to the extent that such interest, when added to the principal amount of the claim, will exceed the value of the collateral. Section 506(b) provides that *"[t]o the extent that* an allowed secured claim is secured by property the value of which ... is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim." (Emphasis added.) Since this provision permits postpetition interest to be paid only out of the "security cushion," the undersecured creditor, who has no such cushion, falls within the general rule disallowing postpetition interest. See 11 U.S.C. § 502(b)(2). If the Code had meant to give the undersecured creditor, who is thus denied interest on his *claim,* interest on the value of his *collateral,* surely this is where that disposition would have been set forth, and not obscured within the "adequate protection" provision of § 362(d)(1). Instead of the intricate phraseology set forth above, § 506(b) would simply have said that the secured creditor is entitled to interest "on his allowed claim, or on the value of the property securing his allowed claim, whichever is lesser."

*Timbers,* 484 U.S. at 372–73, 108 S.Ct. at 631, 98 L.Ed.2d at 749.

The Supreme Court has recognized that an undersecured creditor may be entitled to adequate protection to ensure against the decline in the value of its collateral. However, an undersecured creditor is not entitled to receive postpetition "interest on its collateral *during the stay* to assure adequate protection under 11 U.S.C. § 362(d)(1)." *Timbers,* 484 U.S. at 382, 108 S.Ct. at 636, 98 L.Ed.2d at 755 (emphasis added).

Ordinarily, the matter of adequate protection is determined at or near the inception of a bankruptcy case. By contrast, the determination of a creditor's secured status, pur-

7. The Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—(1) for cause, including the lack of adequate protection of an *interest in property* of such party in interest." 11 U.S.C. § 362(d)(1) (emphasis added).

suant to 11 U.S.C. § 506, comes at or near the conclusion of a bankruptcy case.

> Under [11 U.S.C.] § 506(c), the debtor may recover from property securing a creditor's allowed secured *claim* the reasonable and necessary costs and expenses of preserving or disposing of the property, to the extent of any benefit to the creditor. If, after reducing the amount of the allowed secured claim by the amount of that recovery, the creditor is oversecured, it is entitled to interest at the contract rate on its net allowed secured claim. § 506(b). *The timing of the payment of accrued interest to an oversecured creditor (at the conclusion of the proceeding) is doubtless based on the fact that it is not possible to compute the amount of the § 506(c) recovery (and, accordingly, the amount of the net allowed secured claim on which interest is computed) until the termination of the proceeding.*

*Timbers,* 793 F.2d at 1407 (emphasis added).

Similarly, we conclude that 11 U.S.C. § 506(b), providing for postpetition interest on oversecured claims, read *in pari materia* with 11 U.S.C. § 362(d)(1), concerning conditioning the automatic stay on adequate protection, and 11 U.S.C. § 502, regarding the allowance of claims, requires that the payment of accrued postpetition interest to an oversecured creditor await the completion of reorganization or confirmation of the bankruptcy case. The *ratio decidendi* enunciated by the Supreme Court in *Timbers* that an undersecured creditor is not entitled to receive postpetition interest on its collateral *during the stay* to assure adequate protection under 11 U.S.C. § 362(d)(1) applies equally well to an oversecured creditor. Such an interpretation of the Bankruptcy Code is consistent whether the secured creditor is undersecured or oversecured, otherwise "§ 506(b) would simply have said that the *secured* creditor [whether oversecured or undersecured] is entitled to interest 'on his allowed claim, or on the value of the property securing his allowed claim, whichever is lesser.'" *Timbers,* 484 U.S. at 372–73, 108 S.Ct. at 631, 98 L.Ed.2d at 749 (emphasis added). Accordingly, viewing the allowance of postpetition interest to oversecured creditors as a limited exception only,[8] we hold that an oversecured creditor's interest in property which must be adequately protected encompasses the decline in the value of the collateral only, rather than perpetuating the ratio of the collateral to the debt. The bankruptcy court accomplished that by allowing adequate protection in the amount of accruing depreciation. *See In re Westchase I Assoc.,* 126 B.R. 692 (W.D.N.C.1991); David G. Epstein et al., *Bankruptcy* § 3–27, at 142–43 (1993).

We think this rule results in the appropriate balance between the conflicting interests of the oversecured creditor on the one hand and the estate, as well as other creditors, secured and unsecured, on the other hand. As one commentator points out:

> [t]here is certainly no reason intrinsic to the phenomenon of credit that entitles over-secured creditors to interest out of their collateral before junior creditors, whether secured [perhaps by the identical collateral] or unsecured, receive any of their principal.

Niall L. O'Toole, *Adequate Protection and Postpetition Interest in Chapter 11 Proceedings,* 56 Am.Bank.L.J. 251, 253 (1982).

Here, even accepting the bankruptcy court's assumption that Orix was an oversecured creditor, although it never made such a factual finding, for the reasons stated above, Orix, as a matter of law, was not entitled to receive periodic payments for accruing postpetition interest as part of adequate protection for any period of time.[9]

## III. CONCLUSION

The district court's order awarding Orix monthly postpetition interest in the amount of $8,292.90 is REVERSED and this case

8. *See,* Niall L. O'Toole, *Adequate Protection and Postpetition Interest in Chapter 11 Proceedings,* 56 Am.Bank.L.J. 251 (1982).

9. We express no opinion whether Orix may yet be entitled to postpetition interest on its claim, irrespective of the bankruptcy court's subsequent decision that Orix was not an oversecured creditor. *See supra* at 725–26.

REMANDED to the district court for further proceedings not inconsistent herewith.