**In the Matter of M4 ENTERPRISES, INC., Debtor.**

**Bankruptcy No. A95–65456–WHD.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

July 12, 1995.

Mark S. Marani, Small, White & Marani, Atlanta, GA, for Harvey Mays.

James R. Sacca, Macey, Wilensky, Cohen, Wittner & Kessler, Atlanta, GA (for MAE Group, Frank Maefsky and Diane Gaffoglio).

Leon Jones, Burton & Anderson, Atlanta, GA, for trustee.

1. Originally, Bank South, N.A., was the creditor holding this particular claim against the Debtor. After the commencement of this bankruptcy case, however, Mays paid the entire indebtedness to Bank South, thereby entitling him now to assert the bank's claim. Therefore, in this Order, the Court will make all references to Mays as the creditor, even when discussing events that oc-

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This matter comes before the Court on the Objection of the MAE Group, Inc., Frank Maefsky, and Diane Gaffoglio (collectively hereinafter "MAE Group") to the payment of postpetition interest to Harvey Mays (hereinafter "Mays"). The objection arises in connection with the use of cash collateral by Paul H. Anderson (hereinafter "Trustee") which secures a debt held by Mays, a creditor of M4 Enterprises, Inc. (hereinafter "Debtor").[1] As such, the matters involved herein are part of a core proceeding over which this Court has jurisdiction. *See* 28 U.S.C. § 157(b)(2)(M). The Court will make its decision based upon the reasons set forth in the following discussion.

### DISCUSSION

On May 17, 1995, the Trustee filed in this case his Emergency Motion for Use of Cash Collateral and for Approval of Interim Use of Cash Collateral. Subsequently, two interim Orders were entered authorizing the Trustee to use the cash collateral in return for providing Mays with adequate protection as required by 11 U.S.C. § 363(e).[2] Specifically, both Orders provided Mays adequate protection by granting him a first priority security interest in all postpetition assets and property acquired by the Trustee or the Debtor. These Orders also authorized the Trustee to disburse postpetition interest payments to Mays for the months of May and June 1995. After a final hearing was conducted on June 12, 1995, regarding the Trustee's use of cash collateral, the Court directed the Trustee, Mays, and the MAE Group to prepare a consent order with respect to these matters.

The dispute currently before the Court involves the consent order the parties are preparing in accordance with the final hear-

curred prior to his subrogation to Bank South's claim.

2. These two Orders were signed after a hearing by the Honorable Robert E. Brizendine as duty judge on behalf of this Court. Little opposition was presented by the parties to the entry of these Orders.

ing. It appears that the order as drafted by the Trustee included language allowing the Trustee to continue disbursing postpetition interest payments to Mays. The MAE Group objected to this language in view of the recent decision from the Eleventh Circuit in the case *Orix Credit Alliance, Inc. v. Delta Resources, Inc. (In re Delta Resources, Inc.)*, 54 F.3d 722 (11th Cir.1995). The Court conducted a telephone conference on July 7, 1995, on this dispute, and Mays and the MAE Group submitted letter briefs immediately thereafter. After considering this objection and the arguments presented by the parties, the Court finds there are two issues which need to be addressed: (1) the retroactive application of *Delta Resources* to this case, and (2) possible distinctions between this case and *Delta Resources* which might prevent its application.

### A. Retroactive Application

Two days after this Court conducted the final hearing on the use of cash collateral, the Eleventh Circuit Court of Appeals issued its *Delta Resources* decision. In that case, the Eleventh Circuit held that within the context of the automatic stay, the Bankruptcy Code does not allow an oversecured creditor to receive payment of postpetition interest as part of his adequate protection. *Delta Resources*, 54 F.3d at 730. Relying upon this holding, the MAE Group contends that it is not proper for the Trustee to continue disbursing postpetition interest payments to Mays as adequate protection for the use of cash collateral. In view of the previous Orders allowing such payments and the fact *Delta Resources* was issued after the final hearing, Mays has suggested that the Court should not apply it retroactively to this case.

The Court finds that Mays' contention is not supported by the law. As a bankruptcy court in the Northern District of Georgia, this Court is bound to follow as precedent the decisions of the Eleventh Circuit Court of Appeals. *Fazio v. Growth Dev. Corp. (In re Growth Dev. Corp.)*, 168 B.R.

1009, 1015 (Bankr.N.D.Ga.1994) (Drake, J.). When the Supreme Court or a circuit court issues a rule of federal law, all lower courts are required to give it full retroactive effect in all cases which are still pending on direct review. *See Harper v. Virginia Dept. of Taxation*, —— U.S. ——, ——, 113 S.Ct. 2510, 2517, 125 L.Ed.2d 74 (1993); *James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 535, 111 S.Ct. 2439, 2443, 115 L.Ed.2d 481 (1991); *Lufkin v. McCallum*, 956 F.2d 1104, 1107 (11th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 326, 121 L.Ed.2d 246. In contrast, retroactivity is limited by the need for finality since "a new rule cannot reopen the door already closed." *James B. Beam*, 501 U.S. at 541, 111 S.Ct. at 2446. Thus, unless a final order or judgment has been issued with respect to the matter in question, the binding decision of the higher court must be applied. *See, e.g., Pearson v. Macon–Bibb County Hosp. Auth.*, 952 F.2d 1274, 1278 (11th Cir.1992) (noting that Supreme Court decision applies retroactively to case where final judgment has not been reached); *In re Rivers*, 89 B.R. 1006, 1007 (Bankr. N.D.Ga.1988) (Drake, J.) (holding that Supreme Court *Timbers* decision did not apply retroactively to case where final order had been entered and not appealed); *see also Lee Servicing Co. v. Wolf (In re Wolf)*, 162 B.R. 98, 105 (Bankr.D.N.J.1993); *In re Lesh*, 159 B.R. 982, 984 (Bankr.M.D.Fla.1993).

In this case, the two Orders allowing the Trustee to pay Mays postpetition interest as part of adequate protection for the use of cash collateral were interim in nature. Also, they authorized the Trustee to make such payments only for the months of May and June. As such, no final order has been entered allowing the Trustee to pay Mays postpetition interest during the pendency of the Debtor's bankruptcy case.[3] Therefore, in view of the lack of a final adjudication on the question of postpetition interest payments, this Court must follow the Eleventh Circuit's *Delta Resources* decision

---

**3.** When the parties were directed to prepare an order after the final cash collateral hearing on June 12, 1995, it is likely the Court gave at least an implicit nod allowing the Trustee to continue disbursing to Mays postpetition interest pay-

ments. Nevertheless, any verbal consent by the Court at that time cannot qualify as an order for these purposes. An order must be written and entered on the record if it is to be final. Otherwise, the matter is still pending.

to the extent it is applicable to the facts *sub judice.*

### B. Factual Application

 Even though the interim nature of the previous cash collateral Orders allows this Court to consider *Delta Resources,* factual distinctions still may prevent its application to this case. As noted above, the Eleventh Circuit held that an oversecured creditor is not entitled to periodic payments of postpetition interest as adequate protection during the pendency of the automatic stay. *Delta Resources,* 54 F.3d at 730. One arguable distinction, however, is that *Delta Resources* involved adequate protection within the context of the automatic stay while this case involves adequate protection for the use of cash collateral. "Adequate protection" is defined by the Bankruptcy Code as follows:

> When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—
>
> (1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;

> . . . . .

11 U.S.C. § 361(1). As this provision makes clear, the concept of adequate protection as used in section 362 (the automatic stay) is the same as that used in section 363 (the use of cash collateral). Thus, a discussion regarding the right of an oversecured creditor to receive postpetition payments as adequate protection in the context of the automatic stay applies with equal force to a request for the same payments as adequate protection for the use of cash collateral. The Eleventh Circuit has decided the issue in *Delta Re-*

*sources,* and as such, this Court must apply it here. Therefore, the Court concludes that a creditor is not entitled to periodic payments of postpetition interest as adequate protection under 11 U.S.C. § 363(e) for the Trustee's use of cash collateral.

 Even assuming *Delta Resources'* discussion of adequate protection does not carry over to the cash collateral context, Mays still would not be entitled to postpetition interest payments. As a general matter, creditors are not entitled to interest accruing on their claims during the pendency of the case. As *Delta Resources* points out, however, there is a limited exception in the case of the oversecured creditor. *See* 11 U.S.C. § 506(b). Nevertheless, the timing of such payments is important. The oversecured creditor "is entitled to receive postpetition interest as part of its claim at the time of confirmation of a plan or reorganization, that is, at or near the conclusion of the bankruptcy case." *Delta Resources,* 54 F.3d at 729. Thus, payment of postpetition interest must await the completion of the bankruptcy case and not occur before. *Id.* at 730. This rule applies in all aspects of the bankruptcy case, and not just with respect to the need for adequate protection within the context of the automatic stay or the use of cash collateral.[4]

 Mays strongly argues that *Delta Resources* is distinguishable from the case at bar in that here the Trustee and Mays have entered into a consensual arrangement with respect to the payment of postpetition interest. The Court cannot agree with this argument. Any agreements made by the Trustee regarding the disbursement of funds from the Debtor's estate in bankruptcy must be approved. This Court will not approve such an agreement, however, when it contravenes the Bankruptcy Code, particularly in view of a valid objection made by an interested party. *Delta Resources* interprets the Code as prohibiting the payment of postpetition inter-

---

4. As already noted, only oversecured creditors are allowed to receive postpetition interest pursuant to section 506(b). A determination of the creditor's oversecured status, however, must be made through the claims allowance process, and the MAE Group points out that Mays' secured claim is subject to some dispute. Thus, payment to Mays of postpetition interest at this time is premature since it has not been determined that he holds an oversecured claim. Of course, if Mays is found to be oversecured, he shall be entitled to postpetition interest on his claim at the conclusion of this case.

est as adequate protection. The Trustee and Mays may not avoid this prohibition by merely entering into a consensual arrangement.

 Furthermore, the fact that the interim cash collateral Orders allowed the payment of postpetition interest is of no avail to Mays. First, these Orders were entered into prior to the Eleventh Circuit's pronouncement in *Delta Resources*. Second, the Orders authorized the payment of such funds only for the months of May and June. The issue currently before the Court is whether such payments should continue for an indefinite time during the pendency of the bankruptcy case. As discussed above, however, *Delta Resources* prevents the Court from authorizing an agreement to do so.

### CONCLUSION

In view of the above discussion, Mays is not entitled to periodic payments of postpetition interest as part of his adequate protection for the Trustee's use of cash collateral. Accordingly, the MAE Group's objection to such payments is hereby **SUSTAINED**.

**IT IS SO ORDERED.**