**In re Judit JUHASZ and Frank Juhasz, Debtors.**

**Bankruptcy No. 95–44361–H3–7.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Nov. 14, 1995.

C. David Smith, Chernosky Smith, Houston, TX, for Movant.

Gloria F. Tabor, Houston, TX, for Debtor.

Before LETITIA Z. CLARK, Chief Judge.

## MEMORANDUM OPINION

LETITIA Z. CLARK, Chief Judge.

The court has considered the Motion of Beneficial Texas, Inc.'s For Relief From the Stay (Docket No. 19), together with the Motion to Avoid Non–Purchase Money Security Interest (Docket No. 26) filed by Debtors. The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact may be considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law may be considered Findings of Fact, they are adopted as such.

### Background

Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 9, 1995. Beneficial Texas, Inc. ("Beneficial") seeks relief from the automatic stay to foreclose a security interest it asserts in a 1986 Porsche 944 Turbo, VIN No. WPOAA0958GN154937 (the "Vehicle"). (Docket No. 19, at p. 2).

Debtors contend that Beneficial's claimed security interest is unperfected, or alternatively, that the lien is avoidable because it is a non-possessory, non-purchase money security interest which impairs the Debtors' exemption as a "tool of the trade" pursuant to 11 U.S.C. § 522(f)(1)(B)(ii).

### Secured Status of Beneficial

Debtors entered into a loan agreement ("First Loan Document") on March 14, 1994 in the original principal amount of $7,637.04. (Beneficial Exhibit 4). The document contains a notation that the loan is secured, along with several "boxes" which were checked to indicate the type of security. (Beneficial Exhibit 4, at p. 1). The boxes marked "Motor Vehicle" and "Certain Household Items" were checked.

The First Loan Document also contains a provision for the granting of a security interest in personal property. The provision reads: "To secure this loan, you give us a security interest in your personal property described below." The form contains two boxes, of which one box was checked. That box reads: "The motor vehicle(s) and attached equipment described in the Identification of Security form."

Attached to the First Loan Document is a form titled "Identification of Security" (Beneficial Exhibit 5). The form contains the VIN number and description of the Vehicle.

A Texas Certificate of Title issued on May 10, 1994 (Beneficial Exhibit 3) lists Judit Juhasz as owner of the Vehicle, and lists Beneficial Texas Inc. as first lienholder pursuant to a lien dated March 16, 1994.

Debtors entered into a second loan agreement ("Second Loan Document") on February 6, 1995 in the original principal amount of $7,637.04. (Beneficial Exhibit 1). The form of the Second Loan Document appears identical to that of the First Loan Document. The Second Loan Document reflects that a balance of $5,582.45 was paid on the prior account, and that a new loan of $2,054.59 was made.

The document contains a notation that the loan is secured, along with several boxes checked to indicate the type of security. (Beneficial Exhibit 1, at p. 1). Only the box

marked "Certain Household Items" was checked. The box marked "Motor Vehicle" was not checked.

The Second Loan Document contains the same provision for the granting of a security interest. The box marked "Other personal property described in the Identification of Security form" was checked. The box marked "The motor vehicle(s) and attached equipment described in the Identification of Security form" is not checked.

The Identification of Security form attached to the Second Loan Document (Beneficial Exhibit 2) contains the VIN number and description of the vehicle.

The Identification of Security form contains the following language: "You have signed a Loan Agreement on the date shown above and given a security interest in personal property. This form is incorporated by reference into the Loan Agreement. You are listing below an individual itemization and your estimate of the market value of the personal property ('property') that secures your loan."

The issue of whether a security interest attaches to the Vehicle is governed by the Uniform Commercial Code–Secured Transactions chapter, Tex.Bus. & Com.Code Art. 9.

A security interest attaches to collateral in the possession of a debtor if the debtor has signed a security agreement which contains a description of the collateral, value has been given, and the debtor has rights in the collateral. Tex.Bus. & Com.Code § 9.203(a).

A description of personal property is sufficient for the purpose of Article 9 if it reasonably identifies what is described. Tex.Bus. & Com.Code § 9.110; *Crow–Southland Joint Venture No. 1 v. North Fort Worth Bank,* 838 S.W.2d 720 (Tex.App.—Dallas, err. den.).

The indication of the Vehicle's Vehicle Identification Number on both "Identification of Security" forms uniquely describes the Vehicle. The court concludes that the collateral was sufficiently described for the lien of Beneficial to attach.

## Lien Avoidance

■ The Bankruptcy Code provides for the avoidance of a judicial lien to the extent the lien impairs an exemption of the debtor if such lien is a nonpossessory nonpurchase money security interest in any implements, professional books, or tools of the trade of the debtor or the trade of a dependent of the debtor. 11 U.S.C. § 522(f)(1)(B)(ii).

Debtors' Schedule C (Docket No. 9) indicates that the Debtors have elected the state scheme of exemptions. Debtors listed the Vehicle as exempt pursuant to Tex.Prop. Code § 42.001. No party in interest filed a timely objection to the Debtors' claim of exemptions.

Section 42.001 of the Texas Property Code allows a family to exempt personal property of an aggregate fair market value of no more than $60,000, and of the types listed in Section 42.002. Section 42.002 contains among the types listed, vehicles and tools of the trade.

■ Under the Texas exemption for tools of the trade, the exemption must be of items fairly belonging to the trade. Those items which have merely general value and use in business are not included within the scope of the exemption. *In re Neal,* 140 B.R. 634 (Bankr.W.D.Tex.1992).

■ A debtor may not avoid a lien in a motor vehicle as a tool of the trade where the vehicle is not peculiarly adapted to the debtor's trade. *In re Hrncirik,* 138 B.R. 835 (Bankr.N.D.Tex.1992); *In re Weiss,* 92 B.R. 677 (Bankr.N.D.Tex.1988).

In the instant case, the Vehicle is not particularly adapted to Debtor's trade. Debtor testified that he is in the business of buying and selling jewelry and collectibles. He drives the Vehicle to call on customers and to conduct appraisals of the items he buys and sells, as well as to deliver goods. The vehicle is an ordinary 1986 Porsche 944 Turbo. There is no modification of the car that adapts it for particular use as a delivery vehicle. The court concludes that the Vehicle is not a tool of the trade within the meaning of 11 U.S.C. § 522(f)(1)(B)(ii).

*Relief from Stay*

■ Under Section 362(d) of the Bankruptcy Code, the court shall grant relief from the automatic stay, such as terminating, annulling, modifying, or conditioning the stay, for cause, including the lack of adequate protection (Section 362(d)(1)), or if the debtor does not have an equity in the property, and the property is not necessary to an effective reorganization (Section 362(d)(2)).

Ron Gilham, the representative of Beneficial, testified that the average retail value for a 1986 Porsche 944 Turbo is $10,775.00. The average loan value is $7,775.00.

■ The proper measurement of the value to the Debtors of retaining and using the Vehicle can best be measured by what they would have to pay to purchase another 1986 Porsche, which is the average retail value of the Vehicle. *In re Rash,* 31 F.3d 325 (5th Cir.1994).

Gilham testified that the payment history (Beneficial Exhibit 6) reflects an amount owing of $8,268.00 as of the date of filing of the petition in this bankruptcy case. The note calls for Debtors to pay the balance in thirty equal monthly installments.

The court concludes that the Debtor has equity in the property, and thus the stay does not lift pursuant to Section 362(d)(2).

■ Judit Juhasz testified that the Debtors are not able to make periodic payments on the debt at the present time because Debtors' income from their business is low. She testified that Debtors maintain full insurance coverage on the Vehicle.

■ An undersecured creditor may be entitled to adequate protection to ensure against the decline in the value of its collateral. However, an undersecured creditor is not entitled to receive postpetition "interest on its collateral during the stay to assure adequate protection under 11 U.S.C. s 362(d)(1)." *In re Delta Resources, Inc.,* 54 F.3d 722 (11th Cir.1995) (*citing United Sav. Ass'n v. Timbers of Inwood Forest Assocs., Ltd.,* 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988)). By contrast, an oversecured creditor is entitled to receive postpetition interest during the stay to assure adequate protection. *Id.*

While noting that an oversecured creditor is entitled to postpetition interest, the court in *Delta Resources* declined to extend *Timbers* to require that an oversecured creditor receive periodic postpetition interest payments to ensure against the diminution in value of its equity cushion as a part of adequate protection. The court held that periodic postpetition adequate protection payments need only protect against diminution in the value of the collateral, i.e.—depreciation. 54 F.3d 722, at 730.

There is no evidence before the court regarding the level of depreciation of the Vehicle. Thus the court declines at this time to order periodic postpetition payments as adequate protection of Beneficial's interest. The court notes that the claim of Beneficial continues to accrue postpetition interest, and thus at a later date, the Debtors may not have equity in the property. Thus the court will deny the motion for relief from the stay without prejudice to a later refiling upon a change in circumstances or a showing of the decline in value of the Vehicle.

Based on the foregoing, the court will enter a separate Judgment denying the Motion to Avoid Non–Purchase Money Security Interest (Docket No. 26) filed by Debtors, and denying without prejudice the Motion of Beneficial Texas, Inc.'s For Relief From the Stay (Docket No. 19).