[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12640
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 7, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:08-cv-01192-HLA-MCR

LORENZO JILES,

Plaintiff - Appellant,

versus

UNITED PARCEL SERVICE, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 7, 2011)

Before BLACK, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Lorenzo Jiles appeals the dismissal of his complaint against his former

employer, United Parcel Service, Inc. ("UPS"), for interference and retaliation

under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615. The district court granted UPS's motion for judgment on the pleadings after concluding that Jiles's FMLA claims were barred under the doctrine of *res judicata* by Jiles's previous suit against UPS alleging race discrimination and retaliatory termination. Jiles argues that the claims presented in the prior suit, Jiles v. United Parcel Service, Inc., Case No. 3:07-cv-01115-HLA-MCR (M.D. Fla. Jun. 24, 2009) ("Jiles I"), affirmed, 360 F. App'x 61 (11th Cir. 2010) (unpublished), did not arise from the same nucleus of operative fact as his FMLA claims, and that even if they did, his FMLA claims could not have been raised before the filing of the earlier suit. After thorough review of the record and the parties' briefs, we affirm.

We review *de novo* an order granting judgment on the pleadings. Cunningham v. District Att'ys Office for Escambia Cnty., 592 F.3d 1237, 1255 (11th Cir. 2010). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." Id. (quotations and citation omitted). We accept the facts presented in the complaint as true and view them in the light most favorable to the nonmovant. Id. Dismissal is not appropriate unless the complaint lacks sufficient factual matter to state a facially plausible claim for relief that allows the court to draw a reasonable inference that

2

the defendant is liable for the alleged misconduct. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 570, 127 S. Ct. 1955, 1965, 1974 (2007).

Claims are precluded by *res judicata* if: (1) there is a judgment in the earlier case that was rendered by a court of competent jurisdiction; (2) the judgment in the earlier case is on the merits; (3) both cases involve the same parties; and (4) both cases involve the same cause of action. O'Connor v. PCA Family Health Plan, Inc., 200 F.3d 1349, 1355 (11th Cir. 2000). Cases are considered to involve the same claims and cause of action if they arise "out of the same nucleus of operative fact." Id. (quotations and citations omitted). A court may take judicial notice of another court's orders to recognize judicial action or the litigation's subject matter. In re Delta Resources, Inc., 54 F.3d 722, 725 (11th Cir. 1995).

Jiles first argues that his FMLA claims do not arise from the same nucleus of operative fact or involve the same factual predicates as his earlier race discrimination and retaliatory termination claims. We disagree. In his previous suit, Jiles asserted that he was terminated because of his race in April 2006, but that he was reinstated after he contested that termination decision. He claimed that he was then suspended in December 2006, and later terminated on January 17, 2007 in retaliation for his earlier complaint of race discrimination. In this case,

Jiles claims that he was suspended in December 2006 and wrongfully terminated on January 17, 2007 because UPS incorrectly calculated his FMLA leave. The district court correctly concluded that "the claims in Jiles I and Jiles II involve [UPS's] alleged conduct leading up to [Jiles's] January 2007 termination." See O'Connor, 200 F.3d at 1355 ("Because O'Connor's FMLA claim and her other discrimination claims all issue from a single event, namely, the termination of her employment, we conclude *res judicata* bars O'Connor's second suit."); see also Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005) ("Because both sets of Mpoyo's claims arise from Litton's conduct while Mpoyo was an employee and specifically from the events leading to his termination, his claims relate to the same set of facts."). Therefore Jiles's claims "all relate to the termination of [his] employment and should have been brought together." O'Connor, 200 F.3d at 1356.[1]

Jiles argues that he could not have brought all of his claims together because he only learned that UPS had miscalculated his FMLA leave through a deposition taken during discovery in Jiles I. As such, Jiles argues that the delayed

---

[1] We also reject Jiles's argument that *res judicata* should not bar his FMLA claims because the judgment in Jiles I did not include his claim of retaliation based on his alleged December 2006 suspension. In granting summary judgment for UPS in that case, the district court considered Jiles's argument "that he was placed on leave in December 2006 and ultimately permanently terminated in January 2007 in retaliation for participating in a protected activity."

discovery doctrine should apply to prevent his FMLA claims from being barred by *res judicata*. "The delayed discovery rule prevents a cause of action from accruing until the plaintiff either knows or reasonably should know of the act giving rise to the cause of action." Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1271 (11th Cir. 2002). In the previous case, Jiles acknowledged that he had been told in November 2006 that his FMLA leave had expired.[2] Jiles talked to his manager about the exhaustion of his FMLA leave, but the manager did nothing in response. But as the district court observed, Jiles "does not explain why he did not investigate further after his manager did nothing." The delayed discovery rule does not save Jiles's FMLA claims from preclusion because Jiles "was not obliged to wait for discovery available after filing suit" before investigating his FMLA claims, and he has "not explain[ed] why [he] did not attempt to investigate the claims earlier." Id. "Rather, this is a situation in which [Jiles] failed to investigate [his] claims in a timely manner in order to present them in the first litigation." Id.

We conclude that Jiles's FMLA claims are barred by *res judicata*, and that the district court therefore did not err in granting UPS's motion for judgment on

---

[2] In his brief, Jiles admits that UPS "advised [him] that he had exhausted all available FMLA leave" when it suspended him on December 5, 2006.

5

the pleadings.

**AFFIRMED.**