Austin E. Carter, United States Bankruptcy Judge
Before the Court are the Debtor's Motion for Modification of Plan after Confirmation , Action Motors, Inc.'s Objection to Confirmation of Debtor's Modified *399 Chapter 13 Plan and Response to Motion for Modification of Plan , Debtor's Objection to Claim No. 1-2 , and Action Motors, Inc.'s Response to Objection of Claim . The Debtor's Motion for Modification came on initially for hearing, but was continued until a subsequent hearing when it was heard along with the Debtor's Objection to Claim. Attending the hearings were counsel for Action Motors, Inc. ("Action"), counsel for the Debtor Cynthia L. Shealy (the "Debtor"), and the Chapter 13 trustee or her counsel. After the hearing, the parties were allowed to submit post-hearing briefs.
The contested issue in these matters is whether Action is entitled to receive post-petition, pre-confirmation interest on its claim under 11 U.S.C. § 506(b) even though it did not assert any right or claim to such interest prior to plan confirmation and even though the confirmed plan does not provide for such interest.
The matter was submitted on the representations and arguments of counsel and on the record in this case. No evidence was offered.
This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B) and (L). Having reviewed the parties' pleadings, the remainder of the record, and the arguments of counsel, the Court states its findings of facts and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7052, made applicable through Bankruptcy Rule 9014(c).
I. Findings of Fact
The Debtor filed her Chapter 13 bankruptcy petition in September 2014. Along with the petition, the Debtor filed her Chapter 13 plan (the "Plan"). The Plan shows Action as having a secured claim collateralized by the Debtor's 2006 Chrysler 300 (the "Chrysler"). The Plan values the Chrysler at $ 9,375 and proposes to pay Action (upon confirmation) this "cram down" claim amount in monthly payments at 5% interest. No other provision is made as to payment on Action's claim. The Plan provides for no distribution to holders of general unsecured claims. The Plan was served on all creditors, including Action, on September 21, 2014. (See Doc. 10).
A few days later, Action timely filed a proof of claim (Claim No. 1-1), in which it asserts a claim of $ 8,856.25 arising from a loan to the Debtor for her purchase of the Chrysler. The proof of claim identifies the Chrysler as the collateral for the loan. The proof of claim does not indicate any claim for or other reference to interest under 11 U.S.C. § 506(b).[1]
Action did not file an objection to confirmation of the Plan, and the Court entered an order confirming the Plan on January 6, 2015. This order was not appealed. The trustee's report attached to the confirmation order provides for the treatment of Action's claim as set forth in the Plan.
In October 2018, more than three years after confirmation of the Plan, a tree fell onto the Chrysler, totaling it. The Chapter 13 trustee then sent a letter to the parties stating that $ 651.83 was due to pay off Action's claim and that any excess insurance funds should be returned to the trustee. Despite this letter, however, the Debtor's insurance company issued Action a check for insurance proceeds of $ 2,257.50.
A short time later, the Debtor filed her Motion for Modification of the Plan, seeking the return of the excess insurance proceeds above the amount remaining on *400 Action's claim. The Motion and accompanying proposed modified plan provide that Action will receive the insurance proceeds the totaled Chrysler, up to the amount still owed through the Chapter 13 ($ 650 as of October 28, 2018), and that any overage will be returned promptly to the Debtor.
Rather than remit the excess insurance proceeds, on November 21, 2018 Action filed its Objection to the Debtor's Motion for Modification of the Plan. In this Objection, Action asserted-for the first time in this case-a right to interest on its claim accruing during the period between the petition date and the entry of the order confirming the Debtor's Plan (the "pendency period").[2] On December 2, 2018, Action filed an amended proof of claim in the amount of $ 9,520.91-an increase of $ 664.66 from the amount asserted in its initial proof of claim. (Claim No. 1-2). Action acknowledges that its claim was amended to add pendency period interest under § 506(b). Unlike its initial proof of claim, the amended claim includes a specific reference to "Pre-confirmation interest" in the amount of $ 664.66. The Debtor objected to Action's amended proof of claim, arguing that under Supreme Court precedent, United Student Aid Funds, Inc. v. Espinosa , 559 U.S. 260, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010), Action is precluded under res judicata from enlarging its secured claim post-confirmation to add pendency period interest.
The trustee filed no pleading related to this matter but asserted at the initial hearing that the Debtor's confirmed Plan is res judicata as to the treatment of Action's claim. The trustee stated that, because Action did not object to the Plan before confirmation, it is not now entitled to pendency period interest because the confirmation order has preclusive effect under principles of res judicata.
II. Conclusions of Law
There are two potential post-petition interest components available to an oversecured creditor[3] on its claim. The first component arises under § 506(b), and addresses interest which accrues from the petition date to the confirmation or effective date of the debtor's plan (the pendency period). In re Chang , 274 B.R. 295, 303 (Bankr. D. Mass. 2002) (citation omitted). The second interest component is paid under § 1325(a)(5)(B) for the period from confirmation or the effective date of the plan to the last payment on the claim. Id. This opinion concerns the first component, pendency period interest.
Under § 506(b), an oversecured creditor with an allowed claim "shall be allowed ... interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which the claim arose." 11 U.S.C. § 506(b). Neither the Code nor the Bankruptcy Rules sets forth a deadline for asserting a claim for interest under § 506(b). See In re Wetdog , LLC , No. 13-40601-EJC, 2015 WL 4887418 at *10, 2015 Bankr. LEXIS 2726 at *28 (Bankr. S.D. Ga. August 14, 2015) ("The Bankruptcy Rules do not need to provide a deadline for filing a § 506(b) claim because the total allowed amount of a secured creditor's claim is an issue necessarily decided in the plan confirmation context.").
Action would have the Court find that it is entitled to pendency period interest under *401 § 506(b) inherently as part of its claim (up to the value of the Chrysler), despite the omission of such interest from the confirmed Plan and despite Action's failure to affirmatively request or claim such interest before confirmation. The Court declines to do so.
A. An Oversecured Creditor Must Give Timely Notice of its Intent to Claim Pendency Period Interest; Such Interest is Not Assessed Automatically by Operation of Law.
Action argues that, because its claim is oversecured, pendency period interest is inherent in its claim by operation of law, and that it need take no action to collect to such interest. Action bases its argument on the language in § 506(b) that pendency period interest "shall be allowed" to the holder of a secured claim to the extent that the claim is oversecured. 11 U.S.C. § 506(b).
Although practice may vary among Circuits, Eleventh Circuit case law does not support Action's position. Rather than being "automatic," as Action argues, in this Circuit an oversecured creditor must give notice of its intent to seek pendency period interest under § 506(b). Indeed, in Fawcett v. U.S. (In re Fawcett) , 758 F.2d 588, 590 (11th Cir. 1985), the Eleventh Circuit assessed and ruled on the sufficiency of a creditor's notice of claim for such interest. The court was asked to evaluate the sufficiency of the creditor's assertion in its proof of claim that " '[f]or the purposes of section 506(b) of the Bankruptcy Code, post-petition interest may be payable.' " Id. at 590. The court held that the creditor's statement was "sufficient notice to the debtor that the [creditor] was asserting a claim for post-petition interest." Id. Because the Fawcett opinion is an evaluation of the sufficiency of a creditor's notice of intent to claim § 506(b) interest, it informs the Court that notice is required.[4]
The cases Action cites in support of its position are not persuasive. None of these cases addresses the issue in this case-whether a creditor who has taken no action is entitled to receive pendency period interest (or other charges or fees) under § 506(b). In Telfair v. First Union Mortgage Corp. , 216 F.3d 1333 (11th Cir. 2000), the issue was whether the creditor was entitled to receive attorneys' fees after confirmation, not during the pendency period before confirmation. Indeed, the court specifically distinguished the creditor's claim for post-confirmation charges from amounts accruing during the pendency period, which are governed by § 506(b). Telfair , 216 F.3d at 1338. In Orix Credit All. v. Delta Res. (In re Delta Res.) , 54 F.3d 722, 729 (11th Cir. 1995), the court considered the interplay between § 506(b) and a creditor's right to adequate protection under § 362(d)(1), but the parties did not contest whether an oversecured creditor was entitled to interest under § 506(b). Id. at 727-28 ("The question before us is not whether an oversecured creditor ... may obtain postpetition interest as part of its claim .... [The debtor] does not dispute that an oversecured creditor is entitled to postpetition interest on its claim ....") (emphasis added)).
The other two cases cited by Action also miss the mark. In both In re Stringer , 508 B.R. 668 (Bankr. N.D. Miss. 2014) and Key Bank N.A. v. Milham (In re Milham) , 141 F.3d 420 (2nd Cir. 1998), the creditor raised its claim for § 506(b) interest in an *402 objection to confirmation of the debtor's plan. Stringer , 508 B.R. at 670 ; Milham , 141 F.3d at 422. As a result, the creditor's right to such interest was not at issue in these cases; rather, the disputes centered on the applicable rate at which interest should be paid.
Had Action asserted its claim to pendency period interest before confirmation of the Debtor's Plan, it would be entitled to payment of such interest. However, because Action made no such assertion until nearly four years after Plan confirmation, it cannot now seek to add pendency period interest to its claim. As discussed below, res judicata foils Action's late-filed attempt to claim pendency period interest.
B. The Debtor's Confirmed Plan is Res Judicata as to Action's Post-Confirmation Request for Pendency Period Interest.
Under § 1327(a), "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). Further, "[a]s a general rule, the failure to raise an 'objection at the confirmation hearing or to appeal from the order of confirmation should preclude ... attack on the plan or any provision therein as illegal in a subsequent proceeding.' " In re Chappell , 984 F.2d 775, 782 (7th Cir. 1993) (citations omitted).
The United States Supreme Court, in United Student Aid Funds, Inc. v. Espinosa , held that the provisions of a confirmed Chapter 13 plan are binding on the debtor and creditors alike, regardless of whether a claim is impaired under the plan or whether the creditor has accepted the terms of the plan. 559 U.S. 260, 269, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010). Thus, when a bankruptcy court enters an order confirming a plan, the terms of that plan have a "preclusive effect, foreclosing relitigation of 'any issue actually litigated by the parties and any issue necessarily determined by the confirmation order.' " Bullard v. Blue Hills Bank , --- U.S. ----, 135 S. Ct. 1686, 1692, 191 L.Ed.2d 621 (2015) (citations omitted).
Action asserts that Espinosa is inapplicable for two reasons: (1) because the creditor in that case sought relief from a confirmation order by filing a Federal Rule of Civil Procedure 60(b)(4) motion; and (2) because the Debtor's attempt to modify the Plan after confirmation negates the confirmation order's preclusive effect. These arguments are not persuasive. While Action is correct regarding the presence of a Rule 60(b) motion in Espinosa , that procedural posture has no meaningful difference relative to the procedural posture in this case. Espinosa 's holding, and relevance to this case, centers on the effect of plan confirmation and the finality of the confirmation order. See Espinosa , 559 U.S. at 275, 130 S.Ct. 1367. A confirmation order is a final judgment, regardless of whether a party challenges it via a Rule 60 motion or a post-confirmation proof of claim amendment.
Plan confirmation as a final judgment is a fundamental tenet of bankruptcy law:
The policy [favoring finality of confirmation orders] is so strong that in Espinosa , the Supreme Court declined to grant relief from an order confirming a chapter 13 plan that contained a discharge provision flagrantly at odds with the proscriptions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. Despite finding that confirmation of the plan was "legal error," the Supreme Court held that the confirmation order "remains enforceable and binding on [the creditor] because *403 [the creditor] had notice of the error and failed to object or timely appeal."
In re Hadfeg , 585 B.R. 208, 212 (Bankr. S.D. Fla. 2018) (citing United Student Aid Funds, Inc. v. Espinosa , 559 U.S. 260, 275, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010) (first alteration added)).
Accordingly, "[t]he policy regarding the binding nature of the confirmed plan outweighs the policy of a secured creditor receiving post-petition interest on its claim when such interest was not provided for in the plan." In re Brenner , 189 B.R. 121, 127 (Bankr. N.D. Ohio 1995).
The principle espoused in Espinosa has been implemented to preclude creditors from seeking pendency period interest after confirmation of a plan. In In re Wetdog , the Bankruptcy Court for the Southern District of Georgia rejected an oversecured creditor's post-confirmation claim to pendency period interest when the creditor failed to object to confirmation of the debtor's plan, which did not provide for such interest. See In re Wetdog , 2015 WL 4887418, at *9, 2015 Bankr. LEXIS 2726, at *25-26. The Court held that because the amount of the creditor's secured claim was "actually and necessarily determined" through plan confirmation, the res judicata effect of the order confirming the plan barred the creditor from asserting entitlement to "a larger secured claim based on [p]endency [p]eriod interest" after its failure to object to plan confirmation.[5] ,[6] Id. at *9, 2015 Bankr. LEXIS 2726, at *26. See also In re Abrams , 305 B.R. 920, 925 (Bankr. S.D. Ala. 2002) (court denied on res judicata grounds creditor's effort to add pendency period interest via claim amendment after chapter 13 plan confirmation).
Action is bound by the terms of the confirmed Plan. Action made no effort before confirmation to notify the Debtor or other parties of its intention to seek pendency period interest, and more importantly, when the Debtor proposed her Plan omitting pendency period interest to Action, Action did not object to its confirmation or appeal the Court's confirmation order. Because Action first raised its right to pendency period interest more than three years after the Court confirmed the Plan, Action may not now enlarge the value of its claim with the addition of pendency period interest under § 506(b).
Action asserts that, notwithstanding Plan confirmation, it remains entitled to amend its proof of claim to add pendency period interest. Action fails to cite to any code section or case law in support of this proposition.
*404 Although creditors have broad rights to amend their claims, that right narrows considerably once a plan is confirmed. The Eleventh Circuit disfavors post-confirmation amendments. IRT Partners, L.P. v. Winn-Dixie Stores, Inc. (In re Winn-Dixie Stores, Inc.) , 639 F.3d 1053, 1056-57 (11th Cir. 2011). In Winn-Dixie Stores, the Eleventh Circuit prohibited a creditor from amending its claims after the debtor's reorganization plan drew no objection from the creditor and the plan was confirmed. 639 F.3d at 1057. The court explained that a confirmed plan is analogous to a judgment in a civil action, "which extinguishes the claim and substitutes for it a judgment which defines the new obligations of the parties." Id. at 1056. Because amendment of a claim post-confirmation may yield detrimental results such as rendering a plan infeasible or altering distributions to other creditors, the court held that post-confirmation amendments should occur only where there exists a compelling justification. Id. at 1056-57. It follows that where no compelling circumstances exist, the confirmed plan "should be accorded res judicata effect on a creditor's subsequent attempt to amend his claim." Id. at 1057.
Here, the confirmation order is a final judgment, and Action has articulated no compelling justification in support of its post-confirmation proof of claim amendment. Thus, Action's amendment to its proof of claim is disallowed.[7]
Action asserts that its claim is released from any res judicata effect of confirmation because the Debtor is attempting to modify the Plan, reasoning that an attempt to modify the Plan necessarily negates or reverses the res judicata effect of the earlier confirmation. Action cites no authority for this argument, and the Court identifies no support for it in the Bankruptcy Code.
Although § 1329 provides an exception to the finality of a confirmed plan, the exception is limited. Section 1329 establishes which parties may seek to modify a confirmed plan and the limited circumstances under which a plan may be modified. 11 U.S.C. § 1329. Under this Code section, only the debtor, the trustee, and holders of unsecured claims may propose a post-confirmation plan modification. 11 U.S.C. § 1329(a). Secured creditors such as Action, on the other hand, are not permitted to pursue modification of a confirmed plan. Even if Action were permitted to seek modification under § 1329, the Court is aware of no cases (and Action has cited to none) where a secured creditor had interest added to its claim under one of the § 1329 grounds for plan modification.
In contrast, the Debtor is statutorily permitted to modify the Plan to provide for payment in full of Action's claim under either § 1329(a)(1) or (a)(3). This Plan modification does not "open the door" for Action now, almost four years after confirmation, to introduce a claim for pendency period interest. The Court finds Action's argument without merit.
C. Conclusion
For the foregoing reasons, the Court finds that Action is not entitled to pendency period interest on its claim. Accordingly, the Court will issue separate orders sustaining the Debtor's Objection to Action's amended proof of claim and granting *405 the Debtor's Motion for Modification of Plan after Confirmation.

Unless otherwise indicated, all references herein to "section" or "§" refer to a corresponding section of the Bankruptcy Code, and all references to the "Bankruptcy Code" or the "Code" refer to Title 11 of the United States Code.

In its Objection, Action refers to pendency period interest as "pre-confirmation interest." (Doc. 39).

An oversecured creditor is one whose "claim is secured by property with a value greater than the amount of its claim." In re Stringer , 508 B.R. 668, 671 (Bankr. N.D. Miss. 2014).

Some courts require more than a reference in a proof of claim to trigger a creditor's right to § 506(b) interest. See , e.g., In re Jack Kline Co. , 440 B.R. 712, 732 (Bankr. S.D. Tex. 2010) (holding that oversecured creditors have obligation to make separate application for interest under § 506(b) and that reference in proof of claim is not sufficient).

Unlike Action, the creditor in Wetdog had attempted to preserve its right to later seek postpetition interest and fees by means of an addendum to its proof of claim, but the court rejected this claim, citing Fawcett v. U.S. (In re Fawcett) , 758 F.2d 588 (11th Cir. 1985). The court explained that in Fawcett , the creditor explicitly requested post-petition interest under § 506(b) in its proof of claim and further, the confirmed plan stated that the creditor would be "paid in full." See In re Wetdog, LLC , 2015 WL 4887418, at *11, 2015 Bankr. LEXIS 2726, at *31 (citing Fawcett v. United States (In re Fawcett) , 758 F.2d 588, 591 (11th Cir. 1985) ). In contrast, the confirmed plan in Wetdog clearly established that the creditor would be paid in full by receiving the present value of a specific amount ($ 1,882,320.14), with no additional amounts arising under § 506(b). Id. Despite the creditor's attempt to give notice of its intent to seek pendency period interest, the court held that the Creditor was bound by the specific terms of the confirmed plan. See Id.

Although Wetdog arises in the context of a chapter 11 plan, the issue of a creditor's entitlement to pendency period interest is not impacted by the differences between chapters 11 and 13.

Even if Action had demonstrated compelling circumstances, however, in light of Espinosa , the Court is not persuaded that an amended proof of claim allowed at this stage of the case would trump the res judicata effect of the confirmed Plan. 559 U.S. 260, 130 S.Ct. 1367.